IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RODNEY D. HARRIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **CENLAR FSB AND** | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants Cenlar FSB ("Cenlar") and CitiMortgage, Inc. ("Citi") (collectively, "Defendants") file this Notice of Removal pursuant to federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## I.
## INTRODUCTION

1. On April 1, 2022, Plaintiff Rodney D. Harris ("Plaintiff") filed his Original Petition and Application for Temporary Restraining Order ("Petition") in the 96th Judicial District Court of Tarrant County, Texas under Cause No. 096-332846-22.[1]

2. In the Petition, Plaintiff asserts claims against Defendants for violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Texas Debt Collection Practices Act ("TDCA"), and negligent misrepresentation stemming from the servicing of the mortgage encumbering the real property located at 8509 Cactus Flower Dr., Fort Worth, TX 76131 (the "Property"). Plaintiff also seeks injunctive relief preventing foreclosure of the Property, as well as attorneys' fees.

---

[1] **Exhibit A**, Original Petition.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Cenlar are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4. This suit was filed on April 1, 2022 and Defendants have not yet been served. Therefore, this removal is timely.

## III.
## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5. Removal is proper because this case is a civil action involving a federal question. Plaintiff brings a claim for violations of RESPA, a federal statute, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.[2]

6. Further, under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over other claims that are or would be part of the same "case or controversy." Stated differently, a district court has or would have supplemental jurisdiction over state law claims that arise from a common nucleus of operative facts.[3]

7. In this case, Plaintiff's claims for violations of the TDCA, negligent misrepresentation, and for an injunction all stem from the same nucleus of operative facts—namely, the servicing of the subject loan and handling of Plaintiff's loan modification application. Because all of Plaintiff's claims stem from the same case or controversy, it is proper for the Court to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[2] *See* Petition at ¶¶ 23-27. *See Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (finding removal proper based on federal question jurisdiction when plaintiff alleged claims under RESPA).
[3] *See Barricks v. Minyard Food Stores, Inc.*, 170 F.3d 184 (5th Cir. 1999); *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir. 1997).

## IV.
## BASIS FOR REMOVAL: DIVERSITY JURISDCTION

8. This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as Plaintiff and Cenlar are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

### A.   *Complete Diversity Exists.*

9. Plaintiff is a citizen of Texas, residing in Tarrant County, Texas.[4]

10. Defendant Cenlar is federal savings bank with its principal place of business in Ewing, New Jersey. A federal savings bank is a citizen of the State in which it has its home office. 12 U.S.C. § 1464(x). Accordingly, Cenlar is a citizen of New Jersey for diversity purposes.

11. CitiMortgage, Inc. is incorporated in New York with its principal place of business in Missouri. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[5] Accordingly, CitiMortgage, Inc. is a citizen of Missouri and New York for purposes of diversity jurisdiction.

12. Because Plaintiff is a citizen of Texas and Defendants are not citizens of Texas, complete diversity of the Parties exists.

### B.   *The Amount in Controversy Exceeds $75,000.00.*

13. In the Original Petition, Plaintiff seeks injunctive relief to enjoin Defendants from taking any action to foreclose the Property.[6] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7] When the object of the mortgagor's

---

[4] *See* **Exhibit A**, Original Petition at ¶ 2.
[5] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[6] *See* **Exhibit A**, Original Petition at ¶¶ 38-40.
[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

litigation is the protection of his entire property, the fair market value of the property is the proper measure of the amount in controversy.[8] Here, the value of the Property is at least $271,302.[9] Therefore, based on the value of the injunctive relief sought, the amount in controversy exceeds $75,000.00 and removal is proper.

## V.
## VENUE

14. Venue is proper in the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C. § 1441(a) because Tarrant County, Texas is located within this District and cases arising from Tarrant County, Texas are properly assigned to the Northern District of Texas.[10]

## VI.
## ADDITIONAL REQUIREMENTS

15. Plaintiff has not demanded a jury trial.

16. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Tarrant County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441, 1331, and 1332, Defendants Cenlar FSB and CitiMortgage, Inc. give notice that Cause No. 096-332846-22, now pending in the 96th Judicial District Court of Tarrant County, Texas, has been removed to this Court.

---

[8] *Id.*
[9] *See* Tarrant County Appraisal District Summary, attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Tarrant County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Tarrant County Tax Appraisal District – cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).
[10] 28 U.S.C. § 124(a)(2).

Respectfully submitted,



By: */s/ Melissa Gutierrez Alonso*
    **JON H. PATTERSON**
    Texas Bar No. 24077588
    jpatterson@bradley.com
    Bradley Arant Boult Cummings LLP
    1819 Fifth Avenue North
    Birmingham, Alabama 35203-2104
    Telephone: (205) 521-8403
    Fax:     (205) 488-6403

    **MELISSA GUTIERREZ ALONSO**
    Texas Bar No. 24087648
    malonso@bradley.com
    Bradley Arant Boult Cummings LLP
    600 Travis Street, Suite 4800
    Houston, Texas 77002
    (713) 576-0300 Telephone
    (713) 576-0301 Telecopier
    ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that on this 13th day of April, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

**Via email: kwallace@kwlawfirm.net**
D. Kimberli Wallace
1560 E. Southlake Blvd., Suite 100
Southlake, Texas 76092
(817) 953-7000

*Attorney for Plaintiff*

    */s/ Melissa Gutierrez Alonso*
    Melissa Gutierrez Alonso